UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXWELL OLSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEWS NATION NETWORK PVT. LTD.,<br><br>　　　　Defendant. | Case No. 25-cv-01544-SI<br><br>**ORDER DENYING EX PARTE APPLICATION FOR ORDER AUTHORIZING ALTERNATIVE MEANS OF SERVICE AND CONTINUING INITIAL CASE MANAGEMENT CONFERENCE TO SEPTEMBER 19, 2025 AT 2:30 PM**<br><br>Re: Dkt. No. 14 |

Now before the Court is plaintiff's ex parte application for an order authorizing alternative means of service. For the reasons set forth below, the application is DENIED without prejudice. The Court continues the initial case management conference scheduled for July 18, 2025 to September 19, 2025 at 2:30 p.m. via zoom.

**BACKGROUND**

Plaintiff Maxwell Olson filed this copyright infringement lawsuit against Defendant News Nation Network Pvt. Ltd. ("News Nation") and ten Doe defendants. Olsen is a "professional and intrepid videographer who travels the globe to document weather extremes" and he claims that News Network has misappropriated, distributed and published his copyrighted videos depicting extreme weather events. First Amend. Compl. ("FAC") ¶¶ 10-12. The first amended complaint alleges that News Nation "is a private limited company organized and existing under the laws of India[.]" *Id*. ¶ 5.

On May 15, 2025, Olson filed an Ex Parte Application requesting an order authorizing alternative service by email. Dkt. No. 14. Olson's application states that plaintiff's counsel sent the

Summons, First Amended Complaint, and Waiver of Service form to two email addresses associated with News Nation, and that counsel did not receive a response. Doniger Decl., Ex. 2.[1]

**LEGAL STANDARD**

The Federal Rules of Civil Procedure allow service to a party not within any United States judicial district by various means, including "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]" Fed. R. Civ. P. 4(f)(1). The Rules also state that service may occur "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "Rule 4(f)(3) is an equal means of effecting service of process . . . when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

**DISCUSSION**

Olson states that India is a signatory to the Hague Convention, which requires service through India's designated Central Authority. Ex Parte Application 3-4. *See Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *11 (N.D. Cal. July 1, 2011) ("The Hague Convention requires signatory countries to establish a Central Authority to receive requests for service of documents from other countries and to serve those documents by methods compatible with the internal laws of the receiving state."). Olson asserts that he should be permitted to serve News Nation by email based upon a recent New York Times Article regarding India's

---

[1] Plaintiff's counsel have filed a number of similar copyright infringement cases on behalf of various individuals against News Nation in the Northern District of California, and counsel has filed nearly identical applications for alternative service in each case. *See Hall v. News Nation Network Pvt. Ltd.*, Case No. 25-cv-01537-WHO, Dkt. No. 16; *Clement v. News Nation Network Pvt. Ltd.*, Case No. 25-cv-01540-WHO, Dkt. No. 12; *Timmer v. News Nation Network Pvt. Ltd.*, Case No. 25-cv-01547-SI, Dkt. No. 14; *Shelton v. News Nation Network Pvt. Ltd.*, Case No. 25-cv-01546-AMO, Dkt. No. 14; *Gorman v. News Nation Network Pvt. Ltd.*, Case No. 25-cv-01542-JSW, Dkt. No. 16; *Rigsby v. News Nation Network Pvt. Ltd.*, Case No. 25-cv-01545-HSG, Dkt. No. 13; *Whittaker v. News Nation Network Pvt. Ltd.*, Case No. 25-cv-01548-HSG, Dkt. No. 11; *Farrell v. News Nation Network Pvt. Ltd.*, Case No. 25-cv-01541-PCP, Dkt. No. 19; *Schyma v. News Nation Network Pvt. Ltd.*, Case No. 25-cv-01549-NW, Dkt. No. 16. Most of these applications have been denied.

judicial backlog.  Olson also asserts that he is "not required to attempt service by other means authorized by Rule 4 before submitting this application with the court."  Ex Parte Application at 3.

The Court concludes that Olson's application is premature and that he has not made an adequate showing to justify alternative service at this time.  Olson has not attempted to serve News Nation through India's Central Authority, and thus he has not developed any factual record demonstrating difficulties proceeding with service through the Central Authority.  *Cf. Rio Properties, Inc.*, 284 F.3d at 1013-16 (approving alternative service based upon showing of numerous efforts to serve foreign defendant).  Thus, the "particularities and necessities" of this case do not presently justify an alternate means of service.  *Id*. at 1016.

## CONCLUSION

For the foregoing reasons, Olson's application is denied without prejudice to renewal at a later date based upon a sufficient factual showing of futile attempts to serve News Nation through the Hague Convention.  The Court continues the initial case management conference scheduled for July 18, 2025 to September 19, 2025 at 2:30 p.m. via zoom.

**IT IS SO ORDERED**.

Dated: July 7, 2025

SUSAN ILLSTON
United States District Judge

3